IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMONA SIMS,<br><br>        Plaintiff,<br><br>v.<br><br>**CLAYTON HOMES and VANDERBILT MORTGAGE & FINANCE, INC.,**<br><br>        **Defendants.** | Case No. 3:24-CV-02507-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ramona Sims, proceeding *pro se*, filed this action against Clayton Homes and Vanderbilt Mortgage & Finance, Inc. (collectively "Defendants"). (Doc. 3). She accuses Defendants of fraudulent actions, RICO violations, due process violations, breach of contract, and violations of federal and Illinois consumer protection laws. (*Id.* at p. 1). According to Sims, Defendants have engaged in systematic misrepresentation of loan terms, title status, and financial disclosures related to a finance sale consumer credit transaction for a manufactured home disguised as a mortgage. (*Id.*).

This matter is now before the Court on Sims's Motion for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. 4). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees

or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Here, Sims's affidavit is extremely scant, but the financial information provided demonstrates indigency. Sims indicates she has no gross pay or wages and no other income. (Doc. 4). As for assets, Sims reports $0.00 in her bank account, with no other financial instruments or items of value owned. (*Id.*). Sims does not list any housing, utility, or regular monthly expenses, any dependents, or any debts or financial obligations. (*Id.*). While the information provided is limited, the Court finds that Sims is indigent under 28 U.S.C. § 1915(a)(1), and thus, her Motion for Leave to Proceed IFP (Doc. 4) is granted.

Because Sims has been permitted to proceed without prepayment of the filing fee, the Court must now screen her Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss the Complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, the next step is to examine the allegations in Sims's Complaint.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). The undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley*

*v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422-23 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Sims's Complaint states that she entered into a consumer credit transaction with dealer Clayton Homes and loan originator Vanderbilt Mortgage & Finance, Inc., in 2018. (Doc. 3, p. 3). She claims that Defendants misrepresented the transaction as a traditional mortgage failing to provide the required disclosures. (*Id.*). Moreover, Sims alleges that Defendants have violated federal and state laws regarding loan interest calculations by utilizing the Rule of 78, a prohibited method of calculating interest on loans. (*Id.*). She asserts that Defendants failed to disclose the 36% cap rate for installment loans and register for installment loans as required under Illinois law. (*Id.* at pp. 3-4).

According to Sims, Defendants inaccurately updated her credit report, attempted to claim a fraudulent lien on the property, improperly registered the title for her home as "used" instead of "new," and presented inconsistent financial disclosures with substantial discrepancies. (*Id.* at pp. 4-5). Additionally, Sims claims that Defendants failed to honor her statutory right to rescind the transaction, failed to offer mandatory homeownership counseling, coaxed her into a high-risk loan, and initiated an improper replevin action without producing the original loan agreement. (*Id.* at p. 5). Lastly, Sims accuses Defendants

of including her land in a credit sale without recording any liens or encumbrances, which created unnecessary and undisclosed tax liabilities. (*Id.* at p. 6). In general, Sims states that practices like these disproportionately harm Black communities by inflating loan costs and trapping borrowers into cycles of debt. (*Id.*).

The Complaint contains nine counts[1] for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count I), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Count II), the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (Count III), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* (Count IV), the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1962 (Count V), the tax code, 26 U.S.C. § 6050H (Count VI), the Due Process Clause of the Fourteenth Amendment (Count VII), and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.* (Count X). (*Id.* at pp. 6-8). Sims also sues for breach of contract (Count VIII), criminal trespass to land under 720 ILCS 5/21-3, harassment and stalking under 720 ILCS 5/12-7.3, violation of the Illinois Administrative Code, 38 Ill. Admin. Code 110, and emotional distress.[2] (*Id.* at pp. 7-8).

Sims's Complaint contains almost no factual details[3] to support her allegations, and thus, it fails to state a claim upon which relief can be granted. While she claims that Defendants violated several laws or engaged in deceptive practices, she merely offers labels and conclusions unsupported by any factual allegations. It is difficult for the Court to screen a complaint with virtually no factual allegations, and thus, the opposing party could not

---

[1] The Complaint lists Counts I through X, but skips IX, so only nine counts are labeled.
[2] Several of these causes of action are not labeled with any count.
[3] While the Complaint contains a section entitled "Factual Allegations," the section includes only conclusory allegations that Defendants violated a law or rule with no further details in support of those conclusions.

reasonably be expected to respond to it. Sims attached hundreds of pages of documents to the Complaint that may support her claims, and the Court reviewed these attachments. But the Court cannot be expected to sift through these exhibits to construct a claim for her or create its own proposed facts, especially when a claim is not readily apparent. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Sims needs to translate relevant details from her exhibits into factual allegations that support her claims within the substance of the Complaint. Simply put, it is impossible for the Court to determine whether Sims is entitled to any relief without more facts detailing what happened and the circumstances giving rise to her claims.

Further, many claims in the Complaint involve allegations of fraud or deceit which are held to a higher pleading standard under Federal Rule of Civil Procedure 9(b). *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements."). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). This means, plaintiffs must "plead with particularity the 'who, what, when, where, and how' of the fraud." *Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan v. Buth*, 99 F.4th 928, 944 (7th Cir. 2024). As Sims's Complaint lacks factual details to support any of her claims, she certainly needs more specific facts to substantiate the claims involving fraud, like her consumer fraud and deceptive practices and RICO claims. Sims must plead with

particularity the "who, what, when, where, and how" of the alleged fraud.

Overall, the Complaint as it stands is conclusory and lacks enough factual allegations to state a claim for relief. Plaintiff Ramona Sims's Motion for Leave to Proceed in forma pauperis (Doc. 4) is **GRANTED**. But for the reasons outlined above, Sims's Complaint (Doc. 3) is **DISMISSED without prejudice** for failure to state a claim.

But if she can reasonably do so, Sims is permitted to amend her Complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) ("Civil plaintiffs should be given at least one opportunity to amend their pleadings, and the screening requirement in § 1915A(a) does not—either explicitly or implicitly—justify deviation from the usual procedural practice."). The Court encourages Sims to thoroughly review the resources for *pro se* litigants, available at https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court urges Sims to review the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court. If Sims chooses to amend her Complaint, she must do so on or before **July 21, 2025**. Failure to file an amended complaint by the deadline will result in the dismissal of this action.

Lastly, the Court also **DENIES as moot** Sims's Motion to Expedite Review of In Forma Pauperis Application and to Proceed with Service (Doc. 6).

**IT IS SO ORDERED.**

**DATED:** June 20, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**