IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMONA SIMS,<br><br>        Plaintiff,<br><br>v.<br><br>CLAYTON HOMES and VANDERBILT MORTGAGE & FINANCE, INC.,<br><br>        Defendants. | Case No. 3:24-CV-2507-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

      This matter is before the Court on *pro se* Plaintiff Ramona Sims's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 11) and Amended Complaint (Doc. 9). The Court granted Sims's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 4) but determined her initial Complaint (Doc. 3) was deficient under Rule 8(a) of the Federal Rules of Civil Procedure; consequently, Sims was ordered to file an amended complaint (Doc. 8). In her amended complaint, Sims alleges that Clayton Homes and Vanderbilt Mortgage & Finance, Inc. (collectively "Defendants") violated various federal and state consumer financial protection laws when they entered into an installment loan contract with her. (Doc. 9). She seeks compensatory, punitive, and injunctive relief. *Id.*

      **MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

      Sims asks this Court to issue a temporary restraining order (TRO) or preliminary injunction against Defendants to "enjoin[] them from enforcing the illegal orders entered

against her . . . by St. Clair County Circuit Court." (Doc. 11, at 1). Specifically, Defendant Vanderbilt Mortgage & Finance, Inc. (VMF) secured a judgment awarding it possession of Sims's property in state court in 2024. (Doc. 11-1, at 10–11, 13, 15). VMF seeks to enforce that judgment through a supplemental order of the state court, for which there is a hearing scheduled on March 20, 2026. *Id.* at 8–11. Sims asks this Court to prevent VMF from doing so.

The Court cannot grant Sims's request for a TRO or other preliminary injunctive relief because the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings.[1] Sims's motion expressly seeks an injunction to prevent the enforcement of a state court judgment and is therefore barred by the Act, even though the injunction would run against private parties rather than the state court itself. *E.g.*, *Millonzi v. Bank of Hillside*, 605 F. Supp. 140, 143–44 (N.D. Ill. 1985) (barring preliminary injunction against lender seeking to enforce state foreclosure judgment because "the mandate of the Anti-Injunction Act 'cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding'" (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1976))); *Merritt-Wilson v. New American Funding, LLC*, No. 25-cv-02177, 2025 WL 3640236, at *3 (S.D. Ill. Dec. 16, 2025) (applying the Anti-Injunction Act to a TRO request to enjoin

---

[1] There are three exceptions to the Anti-Injunction Act: such injunctions are permissible (1) as expressly authorized by Congress, (2) where necessary in aid of the court's jurisdiction, or (3) to protect or effectuate its judgments—is applicable here. 28 U.S.C. § 2283. None are applicable here. *See Millonzi v. Bank of Hillside*, 605 F. Supp. 140, 143–44 (N.D. Ill. 1985) (barring preliminary injunction against lender seeking to enforce state foreclosure judgment on similar facts); *see also* 19 FED. PROC., L. ED. § 47:128, Westlaw (2026) (listing acts that have been held to expressly authorize the stay of state court proceedings, none of which are plausibly invoked by Sims).

state foreclosure proceedings even where defendants were private parties). Accordingly, Sims's motion is denied.

### AMENDED COMPLAINT

Because Sims is proceeding without prepayment of the filing fee, the Court must screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss it if it is clearly frivolous or malicious, fails to state a claim on which relief may be granted, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013).

In reviewing the amended complaint, Count III immediately appears to fail to state a claim. There, Sims claims that Vanderbilt Mortgage & Finance (VMF) violated 26 U.S.C. § 6050H. (Doc. 9, ¶ 45). Section 6050H sets information reporting requirements to assist the Internal Revenue Service in verifying the accuracy of claimed mortgage

interest deductions. *E.g.*, *Pemberton v. Nationstar Mortg.*, 331 F. Supp. 3d 1018, 1031–32 (S.D. Cal. 2018). Essentially, Section 6050H and its implementing regulations require individuals who receive more than $600 in mortgage interest payments to submit a Form 1098 to both the persons paying the mortgage interest and the Internal Revenue Service. *See id.*

It is highly unlikely that a private party can bring a claim under Section 6050H, as the statute does not appear to create a private right of action. *See, e.g.*, *Pemberton v. Nationstar Mortg. LLC*, No. 14-cv-1024, 2015 WL 13828420, at *1–2 (S.D. Cal. Feb. 5, 2015) (finding no private right of action in Section 6050H); *Peaslee v. Brown*, No. 24-cv-00011, 2024 WL 1715091, at *2 (D. Maine Apr. 22, 2024) (same); *Rovai v. Select Portfolio Servicing, Inc.*, No. 14-cv-1738, 2015 WL 3613748, at *1–2 (S.D. Cal. May 11, 2015) (same). However, even if Section 6050H does create a private right of action, Sims fails to allege any facts establishing a violation of that statute. Accordingly, Count III of her amended complaint fails to state a claim on which relief could be granted and must be dismissed under 28 U.S.C. § 1915(e).

Aside from Count III, however, it is not immediately apparent to the Court that the amended complaint fails to state a claim. Further, it does not appear to be frivolous or malicious. Because the Court has already determined that Sims is unable to pay the filing fee (Doc. 8), she may proceed on her amended complaint with the exception of Count III.

For these reasons, the Court **DENIES** Plaintiff Ramona Sims's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 11) and **DISMISSES**

Count III of her Amended Complaint (Doc. 9). The Court further **DIRECTS** the Clerk of Court to provide Sims with a USM-285 form. Sims is **ORDERED** to return the completed form to the Clerk of Court. Upon receipt of the completed USM-285 form, the Clerk is **DIRECTED** to prepare and issue a summons for Defendants Clayton Homes and Vanderbilt Mortgage & Finance, Inc., and to deliver a service packet consisting of the summons, USM-285 form, and a copy of the Amended Complaint to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of the summons and the Amended Complaint upon Defendants in any manner consistent with Rule 4, as directed by Plaintiff Ramona Sims. Costs of service shall be borne by the United States.

    **IT IS SO ORDERED.**

    DATED:   February 24, 2026

                                            **NANCY J. ROSENSTENGEL**
                                            **United States District Judge**